J-A06035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THOMAS WISNIEWSKI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JAMES F. FROMMER, JR., D.O., ANDREW J. DANCHA, D.O., AND CORRECT CARE SOLUTIONS, LLC | |
| Appellees | No. 1495 MDA 2015 |

Appeal from the Order Entered September 1, 2015
In the Court of Common Pleas of Huntingdon County
Civil Division at No: CP-31-CV-1143-2015

BEFORE: LAZARUS, STABILE, and DUBOW, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 16, 2016**

Appellant Thomas Wisniewski appeals from the September 1, 2015 order entered in the Court of Common Pleas of Huntingdon County ("trial court"), which dissolved an injunction sought by Appellant against James F. Frommer, Jr., D.O., Andrew J. Dancha, D.O., and Correct Care Solutions, LLC (individually "Dr. Frommer", "Dr. Dancha," and "Correct Care," and collectively "Appellees"). Upon review, we vacate and remand.

On August 17, 2015, Appellant filed a complaint against Appellees, claiming a violation of Article I, Section 13 of the Pennsylvania Constitution,[1]

_____

[1] Article I, Section 13 provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted." Pa. CONST. art. I, § 13.

and seeking emergency injunctive relief. Appellant alleged that he was a prisoner in the custody of Pennsylvania Department of Corrections and housed at the State Correctional Institution at Smithfield. Appellant's Complaint, 8/17/15, at ¶ 4. Appellant alleged that he was a disabled veteran because of an injury he sustained to his back. *Id.* at ¶ 9. According to Appellant, the injury was further aggravated because of his post-military service as a bricklayer. *Id.* at ¶ 10. Appellant alleged that he ultimately became addicted to methamphetamine and, in a "drug-induced stupor," ended up committing a murder for which he was sentenced to life imprisonment. *Id.* at ¶ 11. While in prison, Appellant was receiving treatment for the back injury. *Id.* at ¶ 12-13. Appellant alleged that he was prescribed two non-opioid medications—Tramadol at 400 mg/per day and high-dose Motrin at 800 mg/per day—to treat the spinal pain and to "enable him to walk." *Id.* at ¶ 15. Appellant alleged that the two medications were discontinued abruptly on August 4, 2015. According to Appellant, Dr. Dancha "issued an order whose effect was to stop dispensing any medication for management of chronic pain." *Id.* at ¶ 18. As a result, Appellant alleged that

> [he] now experiences sharp pain in his neck and back, radiating out into the left arm and left leg. This makes it difficult for him sleep and to walk. With limited mobility, [Appellant] is deprived of access to a number of activities and services at the prison that he formerly participated in.

*Id.* at ¶ 19. Appellant also alleged that his "need for pain medication is well documented in his prison medical records and in the medical records

maintained by outside specialists who have treated and evaluated him from time to time." *Id.* at ¶ 20. Finally, Appellant alleged that he had no other means of accessing the required pain medication and that the low-dose Tylenol and Motrin available in the prison commissary were inadequate and ineffective to treat his pain. *Id.* at ¶ 22. Based on the foregoing allegations, Appellant requested that the trial court enjoin Appellees from denying him the prescribed pain medication.

The trial court scheduled a hearing over which Senior Judge, Stewart L. Kurtz, presided and at which Appellant testified. Following the hearing, on August 21, 2015 Judge Stewart issued an order enjoining Appellees from refusing to provide Appellant with the two non-opioid medications that he had been receiving since 2003. *See* Trial Court Order, 8/21/15.

On August 26, 2015, Appellees filed a motion to dissolve the injunction, claiming that it contravened "the specific plan of care which Dr. Frommer was attempting to implement for [Appellant]," and constrained "Dr. Frommer's ability to exercise his best medical judgment in the care of [Appellant]." Appellees' Motion, 8/26/15, at ¶ 7. On the same day, the trial court scheduled a hearing on the motion for September 1, 2015. On August 27, 2015, Appellant moved for a continuance, claiming *inter alia*:

> 13. Medical records, **expert witnesses**, and other witnesses are needed. They would be needed for any hearing on the [m]otion to [d]issolve[.]
>
> 14. [Appellant] requested prison medical records on August 24, 2015, and may need outside records as well.

Appellant's Motion for Continuance, 8/27/15, at ¶ 13-14 (emphasis added). Following Appellees' response, the trial court denied Appellant's motion for a continuance on August 27, 2015.

President Judge, George N. Zanic, presided over the September 1, 2015 hearing, following which President Judge Zanic granted Appellees' motion to dissolve the August 21, 2015 injunction. Appellant timely appealed to this Court. Following Appellant's filing of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, the trial court issued a Pa.R.A.P. 1925(a) opinion. To bolster its dissolution of the injunction, the trial court concluded, *inter alia*, that Appellant failed to present any medical testimony to rebut the testimony of Dr. Frommer. Trial Court Opinion, 10/16/15 at 5-6.

On appeal, Appellant raises seven issues for our review.

1. Does the [c]omplaint allege a legally sufficient cause of action?

2. Did [Appellant] show that he is likely to succeed on the merits?

3. Did the trial court act arbitrarily by first denying [Appellant's] request for time to gather medical records and conduct expert analysis, and then basing its decision on the dearth of expert medical testimony favoring [Appellant]?

4. Did the trial court rely on an inaccurate finding that [Appellant] had only one "treating physician?"

5. Did the trial court improperly admit the opinion testimony of a defendant physician without qualifying him as an expert under Pa.R.E. 702?

6. Was it unreasonable for the trial court to credit only the testimony of defendant physician about the appropriateness of the treatment that he himself provided?

7. Did the president judge abuse his discretion when he dissolved a preliminary injunction issued eleven days earlier on the same facts by the senior judge after notice and hearing?

Appellant's Brief at 3-4.

Preliminarily, we note that we have jurisdiction over this appeal pursuant to Pa.R.A.P. 311(a)(4). Rule 311(a)(4), relating to interlocutory appeals as of right, provides in relevant part:

**a) General Rule.** An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:

. . . .

(4) *Injunctions.* An order that grants or denies, modifies or refuses to modify, continues or refuses to continue, or **dissolves** or refuses to dissolve an injunction unless the order was entered:

(i) Pursuant to 23 Pa.C.S. §§ 3323(f), 3505(a); or

(ii) After a trial but before entry of the final order. Such order is immediately appealable, however, if the order enjoins conduct previously permitted or mandated or permits or mandates conduct not previously mandated or permitted, and is effective before entry of the final order.

Pa.R.A.P. 311(a)(4) (emphasis added). As noted, Appellant here appealed the trial court's September 1, 2015 order dissolving the August 21, 2015 injunction.

Because it is dispositive, we first address Appellant's third issue on appeal, which we construe as challenging the trial court's denial of his August 27, 2015 motion for a continuance. Appellant argues that the trial court abused its discretion in refusing to grant his continuance motion, which would have postponed the September 1, 2015 hearing (on Appellees' motion

to dissolve the injunction) to allow Appellant the necessary time to secure medical records and expert witnesses.

It is settled that the grant or denial of a continuance is a matter within the sound discretion of the trial court, which will not be overturned unless the court abused its discretion or committed an error of law. An abuse of discretion is not a mere error in judgment, but, rather, a misapplication of law, manifest unreasonableness, or the result of bias, ill-will, partiality or prejudice. *First Lehigh Bank v. Haviland Grille, Inc.*, 704 A.2d 135, 139-40 (Pa. Super. 1997).

As mentioned, Appellant sought a continuance of the September 1, 2015 dissolution hearing to review and present medical records and secure medical testimony in support of maintaining the August 21, 2015 injunction. Even though the trial court denied Appellant's continuance motion, it nonetheless dissolved the injunction in part on the grounds that Appellant failed to provide medical testimony in support of the injunction. Given the fact that the trial court deemed medical testimony to be relevant and important, we agree with Appellant that the trial court's decision to deny his motion for a continuance was manifestly unreasonable and, therefore, constituted an abuse of discretion. Appellant was given less than three business days to retrieve his medical records and secure an expert witness.

In sum, because medical records and expert medical testimony are necessary *sub judice*, we vacate the trial court's order dissolving the injunction, remand the matter to the trial court with instruction to grant

Appellant an opportunity to gather the required medical records and medical testimony, and reschedule and conduct a new hearing on Appellees' motion to dissolve the August 21, 2015 injunction.[2]

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2016

---

[2] Based on the outcome, we need not address Appellant's remaining issues on appeal.